UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| JOHN KAPENEKAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 12-107-HRW |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, *Warden*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

John Kapenekas, an inmate confined in the Federal Correctional Institution in Ashland, Kentucky, has filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction.  [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).  The Court evaluates Kapenekas' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Kapenekas' factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the habeas petition, the Court must deny it because Kapenekas can not pursue his claims in a habeas corpus proceeding under § 2241.

## KAPENEKAS' CRIMINAL CONVICTION AND PRIOR COLLATERAL CHALLENGES

On September 24, 2008, Kapenakas pleaded guilty in federal court in Aberdeen, Mississippi, to three counts of a five-count indictment which alleged, among other things, that he had coerced and enticed a fourteen-year-old minor to engage in sexually explicit conduct for the purposes of producing pornography. *United States v. Kapenekas*, No. 1:08-CR-23-MPM-SAD-1 (N.D. Miss. 2008) ("the Sentencing Court"). On January 8, 2009, the Sentencing Court imposed a 180-month (15 year) prison term on each of the three counts, to be served concurrently, plus a 5-year supervised release term. [R. 49, therein] Kapenekas reserved the right to appeal the denial of a pretrial motion to suppress evidence, but he did not appeal the ruling.

In September 2009, Kapenekas filed a motion in the Sentencing Court to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his offenses were insufficiently charged and that they did not invoke federal jurisdiction under the

2

Commerce Clause of the U.S. Constitution. [D. E. No. 52, therein] Kapenekas noted

that Counts One, Two, Three and Four of the Indictment charged that between April

28, 2007 and May 2, 2007, he (Kapenekas)

> did knowingly employ, use, coerce and entice a 17–year–old minor
> female to engage in sexually explicit conduct for the purpose of
> producing visual depictions of said sexually explicit conduct, using
> materials that had been mailed, shipped and transported in interstate and
> foreign commerce, in violation of Title 18, United States Code, Sections
> 2251(a) and 2256(2)(A).

Kapenekas further noted that Counts Five, Six, and Seven of the Indictment

charged him with engaging in the same conduct between March 2, 2007, and July 27,

2007. Kapenekas argued, however, that because no count alleged that he knew or had

"reason to know that such visual depictions will be transported in interstate or foreign

commerce or mailed," the Indictment was constitutionally defective and the

Sentencing Court lacked jurisdiction over his criminal proceeding. The government

responded that that the Sentencing Court had jurisdiction over Kapenekas' criminal

proceeding because the Indictment tracked the language of 28 U.S.C. § 2251(a).[1]

---

1

Title 28 U.S.C. § 2251(a) provides:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor
to engage in, or who has a minor assist any other person to engage in, or who
transports any minor in or affecting interstate or foreign commerce, or in any
Territory or Possession of the United States, with the intent that such minor engage
in, any sexually explicit conduct for the purpose of producing any visual depiction
of such conduct or for the purpose of transmitting a live visual depiction of such

3

The Sentencing Court agreed with the government, finding that the statutory language of § 2251(a) applied to the circumstances of Kapenekas' case, wherein "the images were produced using materials, such as cameras, film, memory devices like memory sticks, SD chips or CDs, that had been shipped or transported in interstate or foreign commerce." [D. E. No. 56, therein]; *see also United States v. Kapenekas*, Civil Action No. 1:08CR23, 2010 WL 583916, at *2 (N. D. Miss. February 16, 2010). The Sentencing Court noted that Lee County Investigator Scott Reedy stated in his affidavit that the cameras and flash cards used to manufacture the photos in Kapenekas' case were manufactured in China and therefore necessarily had to have traveled in interstate commerce. *Id.*   In rejecting Kapenekas' argument, the Sentencing Court stated:

> The language of § 2251 is abundantly clear that a conviction may be supported if the pornography "was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer," and there is no way in which this language can simply be disregarded, as petitioner seeks for this court to do.

---

conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, **if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer**, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed. (Emphasis Added)

4

*Id.*

Kapenekas further argued that his plea agreement was breached because he failed to appeal of the denial of his suppression motion, which appeal the plea agreement specifically allowed him to pursue. The Sentencing Court also rejected that argument, stating that while the plea agreement between Kapenekas and the government did permit Kapenekas to appeal the order denying his motion to suppress, "...appeals are obviously not self-executing. Petitioner seems to suggest that it was the government's responsibility to file an appeal on his behalf, but this argument borders on frivolous. Petitioner's motion to vacate or set aside his guilty plea is therefore denied in its entirety." *Id.*, at *3.

Although the Sentencing Court subsequently granted Kapenekas a certificate of appealability ("COA") on the issue of whether § 2251(a), as applied to him, was an unconstitutional extension of the Commerce Clause [D. E. No. 63, therein], the Fifth Circuit rejected that argument, finding that Kapenekas' as-applied constitutional challenge to § 2251(a) was a non-jurisdictional defect (in the trial court proceedings) which Kapenekas had waived by entering a valid guilty plea. *United States v. Kapenekas*, 413 F. App'x 778, 779 (5th Cir. 2011). Kapenekas also argued on appeal that the indictment and the plea agreement to which he had agreed omitted an essential element of the offense, *i.e.*, the charge that he actually "produced" visual

depictions.   The Fifth Circuit refused to consider Kapenakas' additional claim because he failed to raise it in the Sentencing Court; the issue was not included within the scope of the COA that was granted; and Kapenekas failed to ask the Sentencing Court to broaden the scope of the COA to specifically include that issue.  *Id.*

Kapenekas then asked the Sentencing Court to amend the COA to include his claim that the Indictment did not charge him with "producing" a sexually explicit depiction of a minor in violation § 2251(a). [D. E. No. 65, therein]  The government filed a 13-page objection, asserting that Kapenekas had waived the argument and that even if he had not waived argument, it lacked merit. [D. E. No. 66, therein]  The Sentencing Court denied Kapenekas' motion to amend the COA, stating that it had "already certified for appeal the one constitutional issue which it regarded- perhaps generously-as meriting "encouragement to proceed further." [D. E. No. 67, therein].

In his § 2241 petition [D. E. No. 1], Kapenekas continues to argue that the Indictment was constitutionally defective under the Fifth Amendment of the U.S. Constitution because it failed to charge him with an essential element of the crime. Specifically, Kapenekas argues that the Indictment was deficient because it failed to charge him with *producing* a visual depiction of sexually explicit conduct involving a minor using materials that were mailed, shipped, or transported in interstate or foreign commerce; that his guilty plea does not preclude him from collaterally

6

challenging the constitutionality of the Indictment; and that the failure of an Indictment to charge a crime is jurisdictional and cannot be waived. [*Id.*, pp. 14-19]

Kapenekas also claims that he received ineffective assistance from both the attorney who represented him in the criminal proceeding and another attorney who filed his § 2255 motion in the Sentencing Court. Kapenekas alleges that in June 2012, he received legal paperwork and records from his brother which revealed, for the first time, that the Indictment was constitutionally defective because it did not charge him with "producing" the illegal images. [*Id.*, pp. 3-5] That claim falls under the ambit of the Sixth Amendment of the U.S. Constitution, which guarantees effective assistance of counsel to defendants in criminal proceedings. Kapenekas seeks an order nullifying his conviction and setting aside his sentence.

## DISCUSSION

Kapenekas is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Kapenekas challenges the constitutionality of his underlying federal conviction on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v.*

7

*United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention.  The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).  This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

8

Neither Kapenekas's Fifth Amendment claim alleging the denial of due process based upon an allegedly defective Indictment, nor his Sixth Amendment claim, alleging ineffective assistance of counsel, fall within the exception set forth in § 2255.  In his § 2241 petition, Kapenekas continues to challenge his underlying conviction, alleging that the Indictment charging him with violating § 2251 was constitutionally defective because it did not charge him with "producing" a sexually explicit depiction involving a minor using material shipped either in interstate or foreign commerce.[2]  Kapenekas' argument fails for two reasons.

First, as the Sentencing Court correctly observed when denying Kapenekas' § 2255 motion, the Indictment tracked the statutory language of § 2251(a) and specifically included language charging Kapenekas with coercing and enticing a female minor to engage in sexually explicit conduct "for the purpose of producing visual depictions of said sexually explicit conduct."  Counts One and Two of the Indictment stated that during the two relevant time-periods,  Kapenekas

---

[2]

"Producing" is defined to mean "producing, directing, manufacturing, issuing, publishing, or advertising." 18 U.S.C. § 2256. "The definition's list of terms shows that Congress did not intend a technical definition of 'produced.'" *United States v. Wright*, 2013 164096 at *7 (W.D. Mich. Jan. 15, 2013) (citing *United States v. Poulin*, 631 F.3d 17, 22 (1st Cir. 2011).  "Congress intended to retain a non-technical definition of the term 'producing' (that is, in the sense of creating or making), but also sought to expand its scope to include activities that may not be generally considered to fall within the typical meaning of the term." *United States v. Fadl*, 498 F.3d 862, 867 (8th Cir. 2007). The list of terms in the definition reflects Congress' intention to broadly define the term "producing" to include "...the varied means by which an individual might actively participate in the creation and distribution of child pornography."  *Id.*

did knowingly employ, use, coerce and entice a 17–year–old minor female to engage in sexually explicit conduct **for the purpose of producing** visual depictions of said sexually explicit conduct, using materials that had been mailed, shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2256(2)(A).

(Emphasis added).

Second, the factual basis of Kapenekas' claim that he was insufficiently charged with "producing" the illegal images is a claim that either was, or should have been, known to him during his criminal proceeding or at the very latest, when he filed his §2255 motion in the Sentencing Court. Kapenekas in his petition that he learned of the factual basis of his claim in June 2012 , but this assertion is refuted by the fact that he unsuccessfully attempted to raise this same claim before the Fifth Circuit, **and** that in March 2011, after the Fifth Circuit ruled against him, he asked the Sentencing Court to amend the COA to include this very claim. Despite Kapenekas' incorrect assertions to the contrary, his allegation that the Indictment adequately failed to charge him with "producing" a sexually explicit depiction of a minor is not premised on facts or information that could be considered as "newly discovered."

In his § 2255 motion, Kapenekas argued that the Indictment was constitutionally defective because it failed to charge him with producing sexual depictions of minors which he knew would be used in either interstate or foreign

10

commerce.   Kapenekas focused on the alleged absence of interstate or foreign

commerce, but at that time, he could and should have raised similar claims

challenging other aspects of the Indictment, such as his claim that he was not charged

with "producing" a sexually explicit depiction of a minor.   As the claim which

Kapenekas currently asserts also challenges the constitutionality of the Indictment,

Kapenekas could and should have asserted it during his criminal proceeding, or at the

latest, when he filed his § 2255 motion in the Sentencing Court.   The Government

successfully argued this very point when it objected to Kapenekas' motion to amend

the COA to include this claim-- which Kapenekas had previously failed to assert.[3]

Kapenekas then asked the Sentencing Court to amend the COA to include this

issue, but was unsuccessful in that attempt.   Adopting the arguments advanced by the

Government--that Kapenekas had waived the argument, and that even if he had not

---

[3]

The Government responded as follows to Kapenekas' claim that the Indictment failed to
charge him with "producing" a sexually explicit depiction of a minor:

The claim was not advanced prior to Kapenekas' guilty pleas or sentencing.  It was
not raised by a direct appeal.  It was not advanced in his Section 2255 Motion to
Vacate which only alleged the indictment failed to allege that the images were either
transported in interstate or foreign commerce or that Kapenekas had reason to know
that the images would be so transported.  [R. 259-260, Kapenekas' Motion to
Vacate].  As stated above, by pleading guilty, Kapenekas waived this issue.  Failure
to raise an issue prior to appeal constitutes a waiver of that issue.  *See*, *e.g.*, United
States v. Whitfield, 590 F.3d 325, 359 (5th Cir. 2009), *cert. denied*, 131 S. Ct 136
(2010).

[D. E. No. 66, p. 9, therein]

11

waived the argument, it lacked any substantive merit–the Sentencing Court denied Kapenekas' motion. As the Fifth Circuit concluded when it affirmed the denial of Kapenekas' § 2255 motion--"'A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction.'" *United States v. Kapenekas*, 413 F. App'x at 779 (citing *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991)).

Kapenekas fares no better on the claim in this § 2241 proceeding. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). Kapenekas failed to raise his current Fifth Amendment "production" claim in his § 2255 motion; the Fifth Circuit Court of Appeals refused to entertain the issue for the first time on appeal; and, after the Fifth Circuit's adverse ruling, the Sentencing Court refused to amend the COA to include the issue. Under *Charles*, Kapenekas can not use § 2241 as a vehicle merely to assert a Fifth Amendment claim which he could and should have asserted, but failed to assert, in his § 2255 motion, or to raise a claim which was decided adversely to him

12

in a § 2255 proceeding.   Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758.

Kapenekas further claims that both Steven Farese, Sr., the attorney who represented him in the Sentencing Court during his criminal proceeding, **and** James L. Robertson, the attorney who later represented him in his § 2255 proceeding, both failed to argue that the Indictment was constitutionally defective because it failed to charge him with "producing" a sexually explicit depiction of a minor. On this claim, Kapenekas also fails to demonstrate grounds entitling him to relief under § 2241.

In his § 2255 motion, Kapenekas did not allege that his original attorney in his criminal proceeding allegedly failed to raise that claim; he alleged *only* (1) that the Indictment failed to charge him with knowingly engaging in activity which involved interstate or foreign commerce, and (2) that he (Kapenekas) failed to file an appeal of the order denying his suppression motion. Again, Kapenekas can not use § 2241 in order to assert a Sixth Amendment ineffective assistance of counsel claim which he could and should have asserted, but failed to assert, in his § 2255 motion. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758.

Nevertheless, because Kapenekas claims that he was denied effective assistance of counsel at various stages of his criminal proceeding, the Court will

13

consider whether two Supreme Court cases decided last year, *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1375 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), support his Sixth Amendment claims. In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*.

In his habeas petition, Kapenekas alleges that prior to pleading guilty to the § 2251 offenses, Attorney Farese failed to inform him of *any* grounds suggesting that the Indictment was allegedly defective. Kapenekas then alleges that Attorney Robertson, who filed the § 2255 motion on his behalf, argued that Indictment failed to allege a sufficient interstate or foreign commerce nexus, but that he failed to (a) argue that the Indictment failed to charge him with "producing" sexually explicit depictions of a minor using materials which were mailed, shipped and transported in

14

interstate and foreign commerce, and (b) ask the Sentencing Court to expand the scope of the COA to include the "production" challenge to the Indictment.

*Frye* and *Lafler* do not support Kapenekas' Sixth Amendment claims because they are factually inapposite to the facts of his case. Even if the two cases were factually similar to Kapenekas' case, neither of them apply retroactively to cases on collateral review, such as Kapenekas' §2241 petition. Five federal circuit courts have ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, 697 F.3d 1137,1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012); In re Graham, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013). For these additional reasons, Kapenekas has not alleged a Sixth Amendment violation warranting relief under § 2241.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307

(6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Kapenekas alleges that he is actually innocent of "producing" a sexually explicit depictions of a minor using materials which were mailed, shipped and transported in interstate and foreign commerce. But as the Fifth Circuit correctly pointed out, Kapenekas pleaded guilty to that very offense and in doing so, waived any and all claims to the sufficiency of the Indictment. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). Finally, Kapenekas does not point to a new rule of law made retroactive by the Supreme Court which would support his claims.

In summary, the burden is on the § 2241 petitioner to establish that the remedy under § 2255 was inadequate or ineffective. *Martin*, 319 F.3d at 804–05. Kapenekas has neither carried his burden of showing that as to his Fifth and Sixth Amendment claims, his remedy under § 2255 was inadequate to challenge his federal conviction,

16

nor established a claim of actual innocence.  For these reasons, Kapenekas has not demonstrated that he is entitled to relief from his conviction under § 2241. Kapenekas' petition will be denied and this proceeding will be dismissed.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1.      The 28 U.S.C. § 2241 petition for a writ of habeas corpus filed by John Kapenekas [D. E. No. 1] is **DENIED**;

2.      The Court will enter an appropriate judgment; and

3.      This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This July 8, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

17
